PENELOPE A. PREOVOLOS (CA SBN 87607)
(PPreovolos@mofo.com)
ANDREW D. MUHLBACH (CA SBN 175694)
(AMuhlbach@mofo.com)
ANNE M. HUNTER
(AHunter@mofo.com)
ALEXEI KLESTOFF
(AKlestoff@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendant*
APPLE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY HACKWITH, MAXX SCHOLTEN AND MICHAEL MARTIN, Individually and On Behalf of All Others Similarly Situated,<br><br>                 Plaintiffs,<br><br>        v.<br><br>APPLE INC., a California Corporation, and DOES 1 THROUGH 10, inclusive,<br><br>                 Defendants. | Case No.  C 09-3482-VBF<br><br>**CLASS ACTION**<br><br>**ANSWER TO CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint filed: May 15, 2009 |

Defendant APPLE INC. ("Apple"), by and through its attorneys, answers the Complaint filed by Plaintiffs Tracey Hackwith, Maxx Scholten, and Michael Martin ("Plaintiffs") as follows:

**NATURE OF THE ACTION**

1.      Responding to paragraph 1 of the Complaint, Apple states that Apple sells MacBook computers with MagSafe power adapters.  Except as expressly stated, Apple denies each and every averment contained in paragraph 1.

2.      Responding to paragraph 2 of the Complaint, Apple states that Plaintiffs purport to bring a class action against Apple.  Apple denies that class treatment is appropriate.  Apple further denies that Plaintiffs or members of the purported class have been damaged in any way and further denies that Plaintiffs or members of the purported class are entitled to injunctive relief or to relief of any kind.

3.      Responding to paragraph 3 of the Complaint, Apple states that Plaintiffs purport to state claims under the California Unfair Competition Law, Business and Professions Code §§ 17200, *et seq.* ("UCL" or "§ 17200"), the California Consumer Legal Remedies Act, Civil Code §§ 1750, *et seq.* ("CLRA"), the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1), as well as for breach of express and implied warranty, negligent design and failure to warn, and injunctive and declaratory relief.  Apple denies that Plaintiffs or members of the purported class have been damaged in any way and further denies that Plaintiffs or members of the purported class are entitled to injunctive relief or to relief of any kind. Except as expressly stated, Apple denies each and every averment contained in paragraph 3.

**PARTIES**

4.      Responding to paragraph 4 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4 and on that basis denies the averments.

5.     Responding to paragraph 5 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 and on that basis denies the averments.

6.     Responding to paragraph 6 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 and on that basis denies the averments.

7.     Responding to paragraph 7 of the Complaint, Apple states that it is incorporated in California.  Apple further states that its executive offices and corporate headquarters are located in Cupertino, California.

## JURISDICTION AND VENUE

8.     Responding to paragraph 8 of the Complaint, Apple states that insofar as the averments in paragraph 8 state conclusions of law, no response thereto is required.  Apple is without knowledge or information sufficient to form a belief as to the truth of the averments that the matter in controversy exceeds the jurisdictional amount and on that basis denies the averments.  Except as expressly stated, Apple denies each and every averment contained in paragraph 8.

9.     Responding to paragraph 9 of the Complaint, Apple states that it has marketed, advertised, distributed, and sold the 85W MagSafe Power Adapter ("the 85W Adapter") and the 60W MagSafe Power Adapter ("the 60W Adapter") (hereinafter, collectively, the "MagSafe Adapters") throughout the United States, including California, both directly and through various authorized resellers.  Apple states that it does business in the Central District of California.  As to the remaining factual averments, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9 and on that basis denies the averments.

## FACTUAL BACKGROUND

10.     Responding to paragraph 10 of the Complaint, Apple states that it distributes and sells personal computers, including MacBooks, both directly and

1  through authorized resellers.  Apple further states that MacBooks come equipped

2  with MagSafe Adapters.  Except as expressly stated, Apple denies each and every

3  averment contained in paragraph 10.

4        11.    Responding to paragraph 11 of the Complaint, Apple states that it

5  distributes and sells MagSafe Adapters, both directly and through authorized

6  resellers.  Except as expressly stated, Apple denies each and every averment

7  contained in paragraph 11.

8        12.    Responding to paragraph 12 of the Complaint, Apple states that the

9  document attached to the Complaint as Exhibit A is a true and correct copy of the

10  One (1) Year Limited Warranty for MagSafe Adapters that was in effect and

11  provided to consumers during certain periods of time when Apple was selling the

12  MagSafe Adapter.  Apple states that the document speaks for itself.  Apple denies

13  that it has failed to satisfy its obligations under the One (1) Year Limited Warranty.

14  Insofar as Plaintiffs' averments in paragraph 12 state conclusions of law, no

15  response thereto is required.  Except as expressly stated, Apple denies each and

16  every averment contained in paragraph 12.

17        13.    Responding to paragraph 13 of the Complaint, Apple states that

18  Exhibit B, attached to the Complaint, is a true and correct copy of a page from

19  Apple's website entitled "Apple Portables:  Troubleshooting MagSafe adapters."

20  Apple states that the document speaks for itself.  Insofar as Plaintiffs' averments in

21  paragraph 13 state conclusions of law, no response thereto is required.  Except as

22  expressly stated, Apple denies each and every averment contained in paragraph 13.

23        14.    Responding to paragraph 14 of the Complaint, Apple states that in

24  conjunction with the sale of MacBook computers, Apple includes a One (1) Year

25  Limited Warranty.  Apple further states that the document attached to the

26  Complaint as Exhibit A is a true and correct copy of the One (1) Year Limited

27  Warranty for MagSafe Adapters that was in effect and provided to consumers

28  during certain periods of time when Apple was selling the MagSafe Adapter.

Apple states that the document speaks for itself.  Insofar as Plaintiffs' averments in paragraph 14 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 14.

15.     Responding to paragraph 15 of the Complaint, Apple states that as of July 2, 2009, there are customer reviews on Apple's website.  As to the averments in paragraph 15 that some customers are currently utilizing their third MagSafe Adapter, Apple states that it is without knowledge or information sufficient to form a belief as to the truth of such averments at this time.  Except as expressly stated, Apple denies each and every averment contained in paragraph 15.

16.     Responding to paragraph 16 of the Complaint, Apple denies each and every averment set forth in paragraph 16.

17.     Responding to paragraph 17 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of such averments at this time and on that basis denies such averments.

18.     Responding to paragraph 18 of the Complaint, Apple denies each and every averment contained paragraph 18.

19.     Responding to paragraph 19 of the Complaint, Apple denies each and every averment contained paragraph 19.

20.     Responding to paragraph 20 of the Complaint, Apple denies each and every averment contained in paragraph 20.

21.     Responding to paragraph 21 of the Complaint, Apple denies each and every averment contained in paragraph 21.

22.     Responding to paragraph 22 of the Complaint, Apple denies each and every averment contained in paragraph 22.

23.     Responding to paragraph 23 of the Complaint, Apple denies each and every averment contained in paragraph 23.

**PLAINTIFFS' ALLEGATIONS**

24.     Responding to paragraph 24 of the Complaint, Apple states MacBook computers come equipped with a 60W Adapter.  As to the remaining averments set forth in paragraph 24, Apple is without knowledge or information sufficient to form a belief as to the truth of such averments at this time and on that basis denies such averments.

25.     Responding to paragraph 25 of the Complaint, Apple states the MacBook comes equipped with a 60W Adapter.  As to the remaining averments set forth in paragraph 25, Apple is without knowledge or information sufficient to form a belief as to the truth of such averments at this time and on that basis denies such averments.

26.     Responding to paragraph 26 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 26 and on that basis denies the averments.

**CLASS ACTION ALLEGATIONS**

27.     Responding to paragraph 27 of the Complaint, Apple states that Plaintiffs purport to bring a class action against Apple.  Apple denies that class treatment is appropriate.

28.     Responding to paragraph 28 of the Complaint, Apple denies each and every averment contained in paragraph 28.

29.     Responding to paragraph 29 of the Complaint, Apple denies each and every averment contained in paragraph 29.

30.     Responding to paragraph 30 of the Complaint, Apple denies each and every averment contained in paragraph 30.

31.     Responding to paragraph 31 of the Complaint, Apple denies each and every averment contained in paragraph 31.

32.     Responding to paragraph 32 of the Complaint, Apple denies each and every averment contained in paragraph 32.

33.     Responding to paragraph 33 of the Complaint, Apple denies each and every averment contained in paragraph 33.

34.     Responding to paragraph 34 of the Complaint, Apple denies that this putative class action would be manageable.

35.     Responding to paragraph 35 of the Complaint, Apple states that it maintains address information for certain purchasers.  Except as expressly stated, Apple denies each and every averment contained in paragraph 35.

**FIRST CAUSE OF ACTION**
**(Breach of Express Warranty)**

36.     Responding to paragraph 36 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

37.     Responding to paragraph 37 of the Complaint, Apple denies each and every averment contained in paragraph 37.

38.     Responding to paragraph 38 of the Complaint, Apple denies each and every averment contained in paragraph 38.

39.     Responding to paragraph 39 of the Complaint, Apple denies each and every averment contained in paragraph 39.

40.     Responding to paragraph 40 of the Complaint, Apple denies each and every averment contained in paragraph 40.

41.     Responding to paragraph 41 of the Complaint, Apple denies each and every averment contained in paragraph 41.

42.     Responding to paragraph 42 of the Complaint, Apple denies each and every averment contained in paragraph 42.

43.     Responding to paragraph 43 of the Complaint, Apple denies each and every averment contained in paragraph 43.

44.     Responding to paragraph 44 of the Complaint, Apple denies each and every averment contained in paragraph 44.

45.     Responding to paragraph 45 of the Complaint, Apple denies each and every averment contained in paragraph 45.

46.     Responding to paragraph 46 of the Complaint, Apple denies each and every averment contained in paragraph 46.

47.     Responding to paragraph 47 of the Complaint, Apple denies each and every averment contained in paragraph 47.

48.     Responding to paragraph 48 of the Complaint, Apple denies each and every averment contained in paragraph 48.

49.     Responding to paragraph 49 of the Complaint, Apple denies each and every averment contained in paragraph 49.  Apple further denies that Plaintiffs or any member of the purported class suffered injury or damage, and further denies that Plaintiffs or any member of the purported class are entitled to relief of any kind.

## SECOND CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability)

50.     Responding to paragraph 50 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

51.     Responding to paragraph 51 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 51 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 51.

52.     Responding to paragraph 52 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 52 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 52.

53.     Responding to paragraph 53 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 53 state conclusions of law, no response

thereto is required.  Apple denies each and every factual averment contained in the first sentence of paragraph 53.  As to the averments set forth in the second sentence in paragraph 53, Apple is without knowledge or information sufficient to form a belief as to the truth of such averments.

54.     Responding to paragraph 54 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 54 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 54.

55.     Responding to paragraph 55 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 55 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 55.

56.     Responding to paragraph 56 of the Complaint, Apple denies each and every averment contained in paragraph 56.

57.     Responding to paragraph 57 of the Complaint, Apple denies each and every averment contained in paragraph 57.

58.     Responding to paragraph 58 of the Complaint, Apple denies each and every averment contained in paragraph 58.  Apple further denies that Plaintiffs or any member of the purported class suffered injury or damage, and further denies that Plaintiffs or any member of the purported class are entitled to relief of any kind.

**THIRD CAUSE OF ACTION**
**(Negligent Design and Failure to Warn)**

59.     Responding to paragraph 59 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

60.     Responding to paragraph 60 of the Complaint, Apple denies each and every averment contained in paragraph 60.

ANSWER TO CLASS ACTION COMPLAINT
Case No. C 09-3482-VBF
sf-2702065

8

61.    Responding to paragraph 61 of the Complaint, Apple denies each and every averment contained in paragraph 61.

62.    Responding to paragraph 62 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 62 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 62.

63.    Responding to paragraph 63 of the Complaint, Apple denies each and every averment contained in paragraph 63.

64.    Responding to paragraph 64 of the Complaint, Apple denies each and every averment contained in paragraph 64.

65.    Responding to paragraph 65 of the Complaint, Apple denies each and every averment contained in paragraph 65.

66.    Responding to paragraph 66 of the Complaint, Apple denies each and every averment contained in paragraph 66.  Apple further denies that Plaintiffs or any member of the purported class suffered injury or damage, and further denies that Plaintiffs or any member of the purported class are entitled to relief of any kind.

**FOURTH CAUSE OF ACTION**
**(Unfair Business Practice (Cal. Bus. & Prof. Code §§ 17200, *et seq.*))**

67.    Responding to paragraph 67 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

68.    Responding to paragraph 68 of the Complaint, Apple denies each and every averment contained in paragraph 68.

69.    Responding to paragraph 69 of the Complaint, Apple denies each and every averment contained in paragraph 69.

70.    Responding to paragraph 70 of the Complaint, Apple denies each and every averment contained in paragraph 70.

71.     Responding to paragraph 71 of the Complaint, Apple denies each and every averment contained in paragraph 71.

72.     Responding to paragraph 72 of the Complaint, Apple denies each and every averment contained in paragraph 72.

73.     Responding to paragraph 73 of the Complaint, Apple denies that Plaintiffs or any member of the purported class suffered injury or damage.  To the extent that Plaintiffs or any member of the purported class has suffered injury or damage, Apple states that any countervailing benefit to consumers is not outweighed by such injury or damage.  Except as expressly stated, Apple denies each and every averment contained in paragraph 73.

74.     Responding to paragraph 74 of the Complaint, Apple states that Plaintiffs seek restitution, disgorgement, injunctive relief, and attorneys' fees and costs.  Apple denies that Plaintiffs or any member of the purported class suffered injury or damage, and further denies that Plaintiffs or any member of the purported class are entitled to relief of any kind.

**FIFTH CAUSE OF ACTION**
**(Violation of the Consumers Legal Remedies Act (California Civil Code
§§ 1750, *et seq.*))**

75.     Responding to paragraph 75 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

76.     Responding to paragraph 76 of the Complaint, Apple states that Plaintiffs purport to bring a claim under the Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq.*  Insofar as Plaintiffs' averments state conclusions of law, no response is required thereto.  Except as expressly stated, Apple denies each and every averment contained in paragraph 76.

77.     Responding to paragraph 77 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 77 state conclusions of law, no response

thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 77.

78.    Responding to paragraph 78 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 78 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 78.

79.    Responding to paragraph 79 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 79 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 79.

80.    Responding to paragraph 80 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 80 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 80.

81.    Responding to paragraph 81 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 81 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 81.

82.    Responding to paragraph 82 of the Complaint, Apple denies that this is an accurate quotation from the CLRA.

83.    Responding to paragraph 83 of the Complaint, Apple denies each and every averment contained in paragraph 83.

84.    Responding to paragraph 84 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 84 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 84.

### SIXTH CAUSE OF ACTION
### (Violations of the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301-2312))

85.   Responding to paragraph 85 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

86.   Responding to paragraph 86 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 86 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 86.

87.   Responding to paragraph 87 of the Complaint, Apple denies each and every averment contained in paragraph 87.

88.   Responding to paragraph 88 of the Complaint, Apple denies each and every averment contained in paragraph 88.

89.   Responding to paragraph 89 of the Complaint, Apple denies that there were design defects.  Apple further states that the second sentence of paragraph 89 states conclusions of law and that, therefore, no response thereto is required. Except as expressly stated, Apple denies each and every averment contained in paragraph 89.

90.   Responding to paragraph 90 of the Complaint, Apple denies each and every averment contained in paragraph 90.

91.   Responding to paragraph 91 of the Complaint, Apple denies each and every averment contained in paragraph 91.

92.   Responding to paragraph 92 of the Complaint, Apple denies each and every averment contained in paragraph 92.

93.   Responding to paragraph 93 of the Complaint, Apple denies that Plaintiffs or any member of the purported class suffered injury or damage, and further denies that Plaintiffs or any member of the purported class are entitled to relief of any kind.

1

2

**SEVENTH CAUSE OF ACTION**
**(Untrue and Misleading Advertising in Violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*))**

3

4

5

94.    Responding to paragraph 94 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

6

7

8

9

95.    Responding to paragraph 95 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 95 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 95.

10

11

96.    Responding to paragraph 96 of the Complaint, Apple denies each and every averment contained in paragraph 96.

12

13

14

15

16

97.    Responding to paragraph 97 of the Complaint, Apple denies each and every averment contained in paragraph 97.  Apple further denies that Plaintiffs or any member of the purported class suffered injury or damage, and further denies that Plaintiffs or any member of the purported class are entitled to relief of any kind.

17

18

**EIGHTH CAUSE OF ACTION**
**(Permanent Injunctive Relief)**

19

20

21

98.    Responding to paragraph 98 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

22

23

99.    Responding to paragraph 99 of the Complaint, Apple denies each and every averment contained in paragraph 99.

24

25

100.   Responding to paragraph 100 of the Complaint, Apple denies each and every averment contained in paragraph 100.

26

27

28

101.   Responding to paragraph 101 of the Complaint, Apple denies each and every averment contained in paragraph 101.

102.   Responding to paragraph 102 of the Complaint, Apple states that Plaintiffs request an injunction.  Apple denies that Plaintiffs or any member of the purported class suffered injury or damage, and further denies that Plaintiffs or any member of the purported class are entitled to an injunction or to relief of any kind.

## NINTH CAUSE OF ACTION
### (Declaratory Relief)

103.   Responding to paragraph 103 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

104.   Responding to paragraph 104 of the Complaint, Apple states that whether a true and present controversy exists between Plaintiffs and Apple a conclusion of law and that therefore, no response thereto is required.  Plaintiffs contend that Apple breached express and implied warranties, that Apple's express warranty is unconscionable, that Apple's return policy for the MagSafe Adapters amounts to a warranty extension, and that Apple has intentionally deceived the public about this alleged "warranty extension."  Apple denies each and every one of these contentions.  Except as expressly stated, Apple denies each and every averment contained in paragraph 104.

105.   Responding to paragraph 105 of the Complaint, Apple realleges and incorporates by reference its response in paragraph 104 of this Answer as if fully set forth herein.  Except as expressly stated, Apple denies each and every averment contained in paragraph 105.

106.   Responding to paragraph 106 of the Complaint, Apple denies each and every averment contained in paragraph 106.  Apple further denies that Plaintiffs or any member of the purported class suffered injury or damage, and further denies that Plaintiffs or any member of the purported class are entitled to relief of any kind.

1

**PRAYER FOR RELIEF**

Apple denies that Plaintiffs' purported class is certifiable or that Plaintiffs or any member of the purported class suffered injury or damage, and further denies that Plaintiffs or any member of the purported class are entitled to relief of any kind

**AFFIRMATIVE DEFENSES**

As to affirmative defenses to the Complaint, Apple does not, by stating the matters set forth in these defenses, allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion as to any matters as to which Plaintiffs have the burden of proof or persuasion.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim — All Causes of Action)**

1.      The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause, or causes, of action against Apple.

**SECOND AFFIRMATIVE DEFENSE**

**(Complaint Uncertain, Vague, and Ambiguous)**

2.      The Complaint and the allegations thereof are uncertain, vague, and ambiguous.

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

3.      This Court lacks subject matter jurisdiction.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

4.      Plaintiffs are barred by the doctrine of unclean hands from asserting any of the claims in the Complaint.

1

## FIFTH AFFIRMATIVE DEFENSE

2

### (Statutes of Limitations)

3

      5.      Plaintiffs' claims, and those of the purported class, alleged in the

4

Complaint are barred by the applicable statutes of limitations.

5

## SIXTH AFFIRMATIVE DEFENSE

6

### (Plaintiffs' Claims Barred)

7

      6.      Apple alleges that Plaintiffs' claims that Apple engaged in unfair

8

conduct in violation of California Business & Professions Code §§ 17200, *et seq.*,

9

are barred by other provisions of state law.

10

## SEVENTH AFFIRMATIVE DEFENSE

11

### (Failure to Plead Fraud/Misrepresentations with Particularity)

12

      7.      Plaintiffs have failed to plead with particularity the circumstances

13

constituting the alleged fraud/misrepresentations.

14

## EIGHTH AFFIRMATIVE DEFENSE

15

### (Warranties Were Limited)

16

      8.      As to those causes of action based upon a breach of warranty, Apple

17

expressly limited any express warranty and any implied warranty that may have

18

otherwise been created or have been in existence.

19

## NINTH AFFIRMATIVE DEFENSE

20

### (Failure to Notify of Breach of Warranty)

21

      9.      As to those causes of action based upon a breach of warranty,

22

Plaintiffs failed to notify Apple of any breach of warranty within a reasonable time

23

after Plaintiffs knew or should have known of any purported breach.

24

## TENTH AFFIRMATIVE DEFENSE

25

### (Waiver)

26

      10.      The Complaint, and each of its purported causes of action, is barred, in

27

whole or in part, by the doctrine of waiver.

28

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

11.     The Complaint, and each of its purported causes of action, is barred, in whole or in part, by the equitable doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

12.     Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, by their own comparative fault.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

13.     Any and all events, happenings, injuries and damages set forth in the Complaint were proximately caused and contributed to by the acts and/or omissions of Plaintiffs and/or members of the purported class, and such acts and/or omissions totally bar or reduce any recovery on the part of Plaintiffs and/or the purported class.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Injury or Damage)

14.     Apple denies that Plaintiffs, any member of the purported class, and/or any member of the general public has suffered any injury or damage whatsoever, and further denies that Apple is liable to Plaintiffs and/or any member of the purported class for any injury or damage claimed or for any injury or damage whatsoever.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Alleged Injury or Damage Caused by Others)

15.     To the extent that Plaintiffs and/or the purported class suffered injury or damage, which Apple denies, such injury or damage was caused by the actions or conduct of others, not of Apple.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Constitutional)

16.     The claims of Plaintiffs and the purported class are in contravention of Apple's rights under applicable clauses of the United States and California Constitutions, including without limitation the following provisions:  (a) said claims constitute an impermissible burden on interstate commerce in contravention of Article I, Section 8, of the United States Constitution; (b) said claims violate Apple's right to Due Process under the Fourteenth Amendment to the United States Constitution; (c) said claims contravene the constitutional prohibition against vague and overbroad laws; (d) said claims contravene freedom of speech rights under the California Constitution and the First and Fourteenth Amendments to the United States Constitution; and (e) said claims contravene the Due Process Clause of the California Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

17.     Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, because Apple at all times acted in good faith and did not directly or indirectly perform any act whatsoever that would constitute a violation of any right of Plaintiffs or the purported class or any duty owed to Plaintiffs or the purported class.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Alleged Representations Not Actionable)

18.     The alleged representations are not actionable statements of fact under applicable law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

19.     The claims of Plaintiffs and the purported class are barred because, although Apple denies each and every claim of Plaintiffs and the purported class

and denies that Apple engaged in wrongdoing or error of any kind, any alleged error on Apple's part was a bona fide error notwithstanding Apple's use of reasonable procedures adopted to avoid any such error.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Notify Within Reasonable Time)

20.    Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, because Plaintiffs failed to give Apple proper notice of the alleged defects within a reasonable time after Plaintiffs discovered, or should have discovered, the defects alleged in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Cure)

21.    Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, because, although Apple denies each and every claim of Plaintiffs and the purported class and denies that Apple engaged in wrongdoing or error of any kind, Apple has established an appropriate correction, repair, replacement, or other remedy in satisfaction of California Civil Code § 1782.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Article III Standing)

22.    Apple alleges on information and belief that Plaintiffs and the members of the purported class lack standing under Article III of the Constitution of the United States.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Laches)

23.    The Complaint and each of its purported causes of action are barred, in whole or in part, by the doctrine of laches.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Inconvenient Forum)

24. An earlier-filed case involving similar legal and factual issues is pending in the Northern District of California. This action should be transferred to that forum.

Apple reserves the right to assert other defenses as discovery progresses.

### PRAYER

WHEREFORE, Apple prays for judgment as follows:

1. That Plaintiffs and the purported class take nothing by way of the Complaint;
2. That the Complaint be dismissed with prejudice and judgment be entered in favor of Apple;
3. That Apple be awarded its costs of suit; and
4. For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Apple hereby demands a trial by jury on all issues upon which trial by jury may be had.

Dated:      July 2, 2009          ANDREW D. MUHLBACH
                                  PENELOPE A. PREOVOLOS
                                  ANNE M. HUNTER
                                  ALEXEI KLESTOFF
                                  MORRISON & FOERSTER LLP


                                  By:  /s/ Andrew D. Muhlbach
                                       Andrew D. Muhlbach

                                  *Attorneys for Defendant*
                                  APPLE INC.

ANSWER TO CLASS ACTION COMPLAINT
Case No. C 09-3482-VBF
sf-2702065

20